UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ANN C. DORSEY :
:
    Plaintiff, :
:
v. : No. 1:08-CV-243
: *Mattice / Lee*
HARTFORD LIFE & ACCIDENT :
INSURANCE COMPANY and THE :
GROUP LONG TERM DISABILITY :
PLAN FOR EMPLOYEES OF :
BEAULIEU GROUP, LLC, :
:
    Defendants. :

**REPORT AND RECOMMENDATION**

**I.    Introduction**

Before the Court is the motion of Defendants, Hartford Life & Accident Insurance Company ("Hartford") and The Group Long Term Disability Plan for Employees of Beaulieu Group, LLC ("the Plan") (collectively, the "Defendants"), to transfer venue in this action to recover long-term disability benefits under the Plan, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), from this Court to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a) [Doc. 13]. Plaintiff, Ann C. Dorsey, has filed a response in opposition to Defendants' motion [Doc. 16] and Defendants have filed a reply [Doc. 20]. This matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. 12].

Defendants' motion is now ripe for review. For the reasons which follow, I **RECOMMEND** that Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a) [Doc. 13] be **GRANTED**.

## II. Background

### A. Procedural Background

Plaintiff filed her complaint on October 8, 2008 [Doc. 1]. Defendants filed their answer on November 11, 2008 [Doc. 9]. The ERISA administrative record was filed on December 19, 2008 [Doc. 17 & 18].

### B. Factual Background

Attached to Defendants' motion is the affidavit of Mariann Letson, an Appeals Specialist for Hartford, who is familiar with Hartford's procedures for processing and administering claims for long-term disability benefits, including Plaintiff's claim [Doc. 13-2 at 1-2]. Letson's affidavit states that in her 2004 enrollment form for the Plan, Plaintiff listed medical providers and pharmacies, all of which were in Atlanta, Georgia [*id.* at 4-5]. Hartford's letter setting out its decision to terminate Plaintiff's long-term disability benefits under the Plan was sent to her address in Atlanta, Georgia [*id.* at 5]. Plaintiff's appeal of Hartford's benefits decision was sent to Hartford's Claim Appeal Unit in Hartford, Connecticut [*id.* at 6]. On appeal, Plaintiff's medical records were reviewed by independent physician consultants with Reed Review Services in Westminster, Colorado [*id.*]. Hartford's benefits decision on appeal was sent by letter to Plaintiff at her address in Atlanta, Georgia [*id.* at 7]. Ms. Letson's affidavit further states:

> The only contact or correspondence with Tennessee occurred after [Plaintiff] had exhausted her administrative remedies and the administrative record was closed. . . . Specifically, [Plaintiff's] attorney in Chattanooga, Tennessee sent two letters to Hartford, which were responded to by the Atlanta Disability Claim Office.

[*Id.* at 7-8, ¶¶ 27-28].

A redacted copy of Plaintiff's application for long-term disability benefits under the Plan is

attached to Defendants' motion [Doc. 13-4]. The application shows Plaintiff resided in Georgia and her employer, Beaulieu Group LLC, was also located in Georgia [*id.* at 2]. The application also lists Plaintiff's treating physicians for the preceding three years, all of whom were located in Georgia [*id.* at 5-6].

## III. Analysis

### A. Standard

Defendants seek a transfer pursuant to 28 U.S.C. § 1404(a). "The purpose of § 1404(a) is to protect litigants, witnesses, and the public against unnecessary expense and inconvenience." *Inghram v. Universal Indus. Gases, Inc.*, No. 1:05-CV-19, 2006 WL 306650, *4 (E.D. Tenn. Feb. 8, 2006) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *Audi AG and Volkswagon of America, Inc. v. D'Amato*, 341 F. Supp. 2d 734, 749 (E.D. Mich. 2004); *Forward Air, Inc. v. Dedicated Xpress Services, Inc.*, No. 2:01-CV-48, 2001 WL 34079306, *3 (E.D. Tenn. Dec.13, 2001)). This Court has broad discretion in considering a motion to transfer under § 1404(a). *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). The burden to establish that venue should be transferred rests with the movant. *Winnett v. Caterpillar Inc.*, No. 3:06-cv-235, 2006 WL 1722434, *2 (M.D.Tenn. Jun. 20, 2006).

Pursuant to § 1404(a), this Court may order a transfer if all of the following are established: (1) venue is proper in the chosen forum, (2) venue is proper in the forum to which transfer is sought – in this case, the Northern District of Georgia, and (3) the transfer is for the convenience of the parties and witnesses and is in the interests of justice. *Inghram*, 2006 WL 306650 at *4 (citing *IFL Group, Inc. v. World Wide Flight Service, Inc.*, 306 F. Supp. 2d 709, 712 (E.D. Mich. 2004); *Forward Air*, 2001 WL 34079306 at *4; *Thomas v. Home Depot, USA*, 131 F. Supp. 2d 934, 936

3

(E.D. Mich. 2001)). The movant "bears the burden of demonstrating by a preponderance of the evidence that 'fairness and practicality strongly favor the forum to which transfer is sought.'" *Id.* (quoting *Audi AG*, 341 F. Supp. 2d at 749).

In deciding a motion to transfer venue, a court must consider "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Id.* (quoting *Southern Elec. Health Fund v. Bedrock Services*, No. 3:02-CV-309, 2003 WL 24272405, *5 (M.D. Tenn. Jul. 23, 2003) (quoting *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). The factors typically balanced by a district court in this situation include:

> "(1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) relative advantages and obstacles to a fair trial; (4) the possibility of the existence of questions arising in the area of conflict of laws; (5) the advantage of having a local court determine questions of local law; (6) all other considerations of a practical nature that make a trial easy, expeditious, and economical."

*Id.* (quoting *Southern Elec. Health Fund*, 2003 WL 24272405 at *5).

"While there is no definitive formula or comprehensive list of factors for determining the issue of convenience the federal courts consider various private and public interests." *Inghram*, 2006 WL 306650 at *5 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3rd Cir. 1995)). Such various factors include:

> (1) convenience of witnesses; (2) availability of judicial process to compel the attendance of unwilling or uncooperative witnesses; (3) location of the relevant documents or records, and the relative ease of access to sources of proof; (4) residence and convenience of the parties; (5) relative financial means of the parties; (6) locus of the

4

operative facts and events that gave rise to the dispute or lawsuit; (7) each forum's familiarity with the governing law; (8) the deference and weight accorded to the plaintiff's choice of forum; and (9) trial efficiency, fairness, and the interests of justice based on the totality of the circumstances.

*Id.* A court will consider all relevant factors that may make the litigation easy, less expensive, and expeditious. *Id.*

### B. Parties' Positions

Defendants seek to transfer venue on the following grounds:

> The Plan was established and is maintained in the Northern District of Georgia, plaintiff resides in the Northern District of Georgia, all of plaintiff's medical treatment occurred in the Northern District of Georgia, and Hartford's benefits decision was rendered in the Northern District of Georgia. Plaintiff's appeal of Hartford's decision was handled by the Appeal Claim Unit in Hartford, Connecticut, which rendered the final benefits decision. None of the parties to this case reside in Tennessee, and none of the material allegations of plaintiff's complaint occurred in Tennessee. Plaintiff filed her complaint in the Eastern District of Tennessee only because her attorney practices in this district.

[Doc. 13 at 1-2]. Defendants seek a transfer from this Court to the Northern District of Georgia:

> [i]n light of the lack of connection between this case and Tennessee, the significant connections to the Northern District of Georgia, and the convenience of the parties and potential witnesses

[*Id.* at 2].

Defendants assert Plaintiff's choice of forum is not entitled to significant weight because she resides in the Northern District of Georgia and has alleged no operative facts that occurred in the Eastern District of Tennessee [Doc. 13 at 4]. Defendants also assert that, for the most part, the operative facts in this case occurred in the Northern District of Georgia, and, therefore, this factor weighs strongly in favor of transfer [*id.*]. Defendants acknowledge "it is unlikely that the

5

convenience of witnesses will be an important factor in this action, because this case is subject to the arbitrary and capricious standard of review." [*Id.*].

In response, Plaintiff concedes because the Eastern District of Tennessee is not her home, her choice of forum is entitled to less deference than if she had chosen a venue that was her home [Doc. 16 at 3]. Plaintiff asserts, however, that none of the factors relied upon by Defendants strongly favor finding the Northern District of Georgia is a more convenient venue [*id.* at 4-11]. Plaintiff also argues that because review of her claims will be limited to the ERISA administrative record – which consists of evidence submitted by Plaintiff to Hartford prior to the commencement of this litigation – the "operative facts" of this action are contained in the ERISA administrative record and, pursuant to the procedures for litigating a claim for ERISA benefits set forth in *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609 (6th Cir. 1998), this action will ultimately be decided without a trial on the ERISA administrative record. Thus, Plaintiff argues there is no reason for any witness or individual party litigant to appear in either this Court or the Northern District of Georgia [*id.* at 8]. Therefore, Plaintiff asserts neither venue – this Court or the Northern District of Georgia – can be said to be more convenient than the other [*id.*].

### C. Application of the Factors

None of the parties contends that venue is, or would be, improper either in this Court or in

the Northern District of Georgia.¹ Thus, the Court need only address the issue of whether the Northern District of Georgia constitutes a more convenient forum than this Court. *Winnett*, 2006 WL 1722434 at *2 (citing *Van Dusen*, 376 U.S. at 645-46).

    **1.**    **Plaintiff's Choice of Venue**

In most instances "the courts traditionally accord some deference and give substantial weight to the plaintiff's choice of forum, but it is not dispositive." *Inghram*, 2006 WL 306650 at *6 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). While the plaintiff's choice of forum is one factor to be considered, it is not "sacrosanct." *Id.* (quoting *Audi AG*, 341 F. Supp. 2d at 750). Although the plaintiff's choice of forum is generally given substantial weight, "several courts have indicated that if [the] plaintiff chooses a forum that is not the plaintiff's residence, this choice is given less consideration." *Central States, Southeast & Southwest Areas Health & Welfare Fund v. Guarantee Trust Life Ins. Co.*, 8 F. Supp. 2d 1008, 1010-1011 (N.D. Ohio Jun. 16, 1998) (citing

---

¹ While the parties have not challenged this Court's venue or jurisdiction, ERISA has its own jurisdiction provision, 29 U.S.C. § 1132(e)(2). *See Central States, Southeast & Southwest Areas Health & Welfare Fund v. Guarantee Trust Life Ins. Co.*, 8 F. Supp. 2d 1008, 1010 (N.D. Ohio 1998). ERISA states, in pertinent part, that an action may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e). For purposes of establishing venue, it has been generally held that "where a defendant may be found" is satisfied if a defendant meets the "minimum contacts" test for personal jurisdiction set forth in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). *Central States*, 8 F. Supp. 2d at 1010 (citing *Varsic v. United States District Court for the Central District of California*, 607 F.2d 245, 248 (9th Cir. 1979), *Bostic v. Ohio River Co. (Ohio Division) Basic Pension Plan*, 517 F. Supp. 627, 633 (S.D. W.Va. 1981)). It appears undisputed the Plan is administered in Georgia and the complained of breach – the termination of Plaintiff's long term disability benefits – occurred either in Georgia or Connecticut, or both. Defendants concede there is no dispute concerning the propriety of venue in either this Court or the Northern District of Georgia and no dispute concerning personal jurisdiction stating as "neither Defendant has even suggested that venue could not be proper in this Court, this is not an issue which the Court needs to consider. Nor has Hartford challenged the Court's personal jurisdiction over it." [Doc. 20 at 3]. Defendants further state they have not challenged the Court's jurisdiction over the Plan, although they contend Plaintiff has failed to demonstrate any connection between the Plan and Tennessee. [*Id.*].

*Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770 (N.D. Ill. 1998); *Tranor v. Brown*, 913 F. Supp. 388, 391 (E.D. Pa. 1996); *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 592 (E.D. Va. 1992); *Roberts Metals, Inc. v. Florida Properties Marketing Group, Inc.*, 138 F.R.D. 89, 91-92 (N.D. Ohio 1991), *aff'd*, 22 F.3d 1104 (Fed. Cir. 1994). Where the plaintiff's choice of forum is not the plaintiff's home forum and none of the operative events occurred in the district, the plaintiff's choice of forum is given the same weight as the other factors considered in a transfer analysis. *Id.* at 1011-1012.

As conceded by Plaintiff, the Eastern District of Tennessee is not Plaintiff's home forum and, therefore, her choice of forum is entitled to less deference than if it was her home forum. It remains, however, one factor to be considered and I **FIND** this factor weighs in favor of denying the motion.

### 2. Convenience of Parties and Witnesses

It appears the issues in this action will be decided based upon the ERISA administrative record and a trial will not be necessary. Thus, factors such as the convenience of witnesses,[2] availability of judicial process to compel the attendance of witnesses, the location of the relevant documents, and the ease of access to sources of proof are not now at issue.

---

[2] Plaintiff's physicians are all located in Georgia, and the benefits decisions concerning Plaintiff's claim for long-term disability benefits under the Plan were made either in Georgia or in Connecticut. Based upon the exhibits submitted by Hartford in support of its motion, one of the physicians who *reviewed* the Plaintiff's medical records for Hartford in connection with Plaintiff's claim under the Plan was Dr. Bruce LeForce [Doc. 13-10]. The letterhead of Reed Review Services of Westminster, Colorado appears atop Dr. LeForce's report of his review of the Plaintiff's medical evidence [Doc. 13-10 at 2-3]. No address for Dr. LeForce appears on the report, but the report indicates Dr. LeForce is licensed to practice in the states of Arizona, Maryland, Texas, and Tennessee [*id.* at 6]. Attached to Plaintiff's response to Defendants' motion is a printout which lists an address for Dr. LeForce in Knoxville, Tennessee [Doc. 16-3]. Dr. LeForce's report of his review of the medical evidence should appear in the ERISA administrative record and there has been no suggestion he would be subject to discovery. Thus, it does not appear that the address of this reviewing physician is particularly relevant to the issue at hand.

Defendants contend Plaintiff is currently seeking discovery concerning a possible procedural challenge and has sought discovery about an initial claim decision-maker, who is reportedly located in Georgia [Doc. 20 at 7, n 3]. To the extent discovery outside the ERISA administrative record is sought, for example on any issue of bias, it appears most, if not all, of the discovery would be directed to persons and documents located in Connecticut where the final decision was reportedly made or, to a lessor degree, in Georgia. Under these circumstances, the convenience factors would weigh slightly in favor of the motion. Similarly, to the extent a party wanted to attend a discovery-related hearing or oral argument, if any were to be held in this matter, it would appear Georgia would be a more convenient forum for the parties. Thus, I **FIND** the convenience factors weigh in favor of granting the motion.

### 3. Residence of the Parties

Plaintiff resides in Georgia and her former employer and the Plan are located in Georgia. I **FIND** this factor strongly weighs in favor of granting the motion.

### 4. Interests of Justice

Defendants have neither presented evidence nor argued that this action is likely to proceed to a conclusion in a more timely or efficient manner in the Northern District of Georgia than in this Court or that the Northern District of Georgia has more experience or expertise in dealing with ERISA cases than this Court. Thus, I **FIND** this factor weighs against granting the motion.

## IV. Conclusion

Balancing all of the factors together, I **FIND** a transfer of venue to the Northern District of Georgia under 28 U.S.C. § 1404(a) is appropriate. I **CONCLUDE** Defendants have satisfied their burden of showing by a preponderance of the evidence that a transfer of this action to the Northern

9

District of Georgia pursuant to 28 U.S.C. § 1404(a) is dictated by concerns of fairness and practicality. Accordingly, I **RECOMMEND** that Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a) [Doc. 13] be **GRANTED**.[3]

                                       s/Susan K. Lee
                                       SUSAN K. LEE
                                       UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).